NORTHWESTERN STOVE REPAIR CO. et al. v. LEE et al.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1893.)

No. 57.

PATENTS FOR INVENTIONS—PATENTABILITY—HEATING STOVES.

Letters patent No. 289,802, issued December 11, 1883, to Philo D. Beckwith, for an improvement in heating stoves, consisting of a flaring ring cast in two sections which fit into the top of the fire pot in which the coal basket, cast integral, is suspended, the ring having legs which rest on an annular flange at the base of the fire pot, and having holes in its periphery into which pintles cast on the under side of the coal basket pass, so as to hold the ring together, are void for want of invention. 50 Fed. Rep. 202, reversed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Bill by Fred E. Lee and William G. Howard against the Northwestern Stove Repair Company and others to restrain alleged infringement of a patent. Decree for complainants. 50 Fed. Rep. 202. Defendants appeal. Reversed.

Statement by WOODS, Circuit Judge:

The appellees, as executors of the will of Philo D. Beckwith, sued the appellants for infringement of letters patent No. 289,802, dated December 11, 1883, and for an accounting. The specification, claims, and drawings of the patent are as follows:

"Be it known that I, Philo D. Beckwith, of Dowagiac, in the county of Cass, and state of Michigan, have invented a new and useful improvement in heating stoves, relating to the 'Round-Oak Stove,' and all heating stoves of this class; and I do hereby declare that the following is a full, clear, and exact description thereof, reference being had to the accompanying drawings, making a part of this specification. The stove herein represented is one on which I have obtained several letters patent, and was designed for burning wood. My present invention consists in the arrangement of a basket, a shaking grate, and the means employed for supporting the parts within the fire pot of the stove; also, in the construction of the parts that enables me to use a coal basket cast integral,—one that may be readily inserted or taken out through the ordinary stove door,—as set forth in the following specification. This invention is designed as an improvement upon my letters patent dated April 28, 1874, No. 150,277, and is designed for burning hard and soft coal. * * *

Fig.3

Fig.6

Fig.4

Fig.1.

Fig.2

Fig.5

"Figure 1 is a sectional view of the stove containing my present invention. Fig. 2 is a top perspective view of my invention within the fire pot of the same. Fig. 3 is an enlarged perspective of the coal basket, showing flange, B', having pintles, f, projecting therefrom. Fig. 4 is a top plan view of the sectional supporting ring, C, C', having supporting legs, d, d, d, attached thereto. Fig. 5 is an elevated plan of the same, showing the manner of attaching the legs. Fig. 6 is a detached end portion of the ring, C, showing the supporting arm, v, as will be hereinafter set forth. In the drawings, Fig. 1, D represents the sheet-iron body of the stove, E, the fire pot, P', the base of the stove supported by the legs, t, t, and F, the magazine, all of which are old. The fire pot, E, is corrugated, as shown in Figs. 1 and 2. I place within the fire pot the sectional ring, C, C', the periphery of which is made fluted, thus fitting to the form of the fire pot, as shown in Figs. 1 and 2. The ring lies just within the top of the fire pot, and has a sloping upper side extending inward, being provided with an annular rabbet, r. (See Figs. 1, 4, and 6.) The depth of the rabbet is equal to the thickness of the flange, B', of the basket. The ring has a series of vertical holes, h, through it. Opposite the holes the upper surface of the ring is rabbeted, for the purpose hereinafter described. The part, C, of the ring is provided at its free ends with projecting arms, v. (See Figs. 4, 5, and 6.) These arms are cast upon the under side of the ring or part, C, corresponding in form to the under side of said ring. On the under side of the part, C, are two lugs, a', and one on the part, C'. These lugs meet and support the upper end of the legs, d, d, d, as shown in Fig. 5. These legs are attached to the ring, as shown at x, and are provided at the lower end with shoulders, $a^2$. (See Figs. 1 and 5.) These shoulders rest upon the annular flanges, r', of the fire pot. (See Fig. 1.) On the inner or facing side of the legs at the bottom I provide horizontal supports, S, (see Figs. 1 and 5,) for the purpose hereinafter mentioned. Fig. 3 represents the basket. This retains the combustible matter, and is provided at the top with an obliquely-flaring flange, having convexed projections or ears, e', and pendant from the under side thereof is a series of pintles, f. In the drawings, Figs. 1 and 2, a represents the bottom or reciprocating grate, and is provided with a conical center, $r^2$, having radial openings from the base of the cone outward. * * * The grate, a, is supported below the basket, and lies upon the horizontal supports, S, of the legs, d, d, d. (See Figs. 1 and 5.) It will also be observed that the bearings, S, have vertical shoulders, which meet the edge of the grate, a, (see Fig. 1,) thus preventing the grate from working away from the center when shaken. I provide the flange of the basket with ears, e', to enable placing the pintles, f, at a proper distance from the side of the basket, which also allows me to place the series of holes, h, in the ring at midway of its width, so that when the basket is suspended within the ring, as shown in Figs. 1 and 2, the pintles, f, will pass through the holes, h, back of and free from the lower vertical flange, h', of the ring, C, C'. (See Figs. 1 and 5.) As the pintles enter the holes, the ears, e', fill the concave rabbeted portion of the ring, while the flange, B', enters the annular rabbet, r, of the ring, as shown in Fig. 1, thus bringing the surface of the flange of the basket and that of the ring on a line with each other, forming an upwardly-flaring flange from the mouth of the basket to the walls of the fire pot, E. In order that the air entering at the base of the stove shall be driven through the basket of combustible matter, the circle of the stove at the top of the fire pot must be closed, all of which is accomplished by this arrangement, also allowing a free circulation of heated air between the fire pot and the basket, as shown in Fig. 1. It is obvious that the basket with pintles and sectional ring, when united in the manner set forth, are firmly interlocked. It being necessary to construct the parts so that they may be readily put into or taken out at the common stove door, the basket is made small enough to pass through the door, but the distance across the door, as indicated by dotted lines, i, i, of Fig. 2, being less than across the fire pot at the top, I make the flaring ring, C, C', in two parts, in order to pass them through the door. It will also be observed that when the parts are in position, as shown in Fig. 1, the legs, d, d, d, support them, also the weight of combustible matter, and that the legs form a support for the grate, a, in the

manner set forth. When using the stove for burning soft coal or wood, the magazine, F, may be taken out through the top of the stove, when the usual door feed may be used.

"Having thus fully described my present invention, what I claim as new, and desire to secure by letters patent, is:

"(1) The sectional flaring ring, fitting within the top of the fire pot of the herein-described stove, being adapted to encircle and support the basket, cast integral, as and for the purposes set forth. (2) In a heating stove, the combination of the sectional ring having leg supports attached thereto, being adapted to fit within the fire pot of the stove; said leg supports resting upon the horizontal flange of the fire pot, substantially as set forth. (3) The coal basket, cast integral, having a flaring flange with a series of pintles projecting downward from said flange, for the purposes specified. (4) The combination of the sectional ring with leg supports attached thereto, said supports resting upon the flange of the fire pot, being also provided with horizontal supports for receiving and retaining the reciprocating grate, substantially as set forth."

The respondents, besides denying infringement, have interposed special answers, among others to the effect that the patent, both upon its face and in view of the prior art, including numerous patents on stoves, lacks patentable novelty.

For opinion of the court below, see 50 Fed. Rep. 202.

C. C. Linthicum and Chas. K. Offield, (Offield, Towle & Linthicum, on the brief,) for appellants.

W. G. Howard and G. S. Payson, (Howard & Roos and Banning & Banning & Payson, on the brief,) for appellees.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge, (after making the foregoing statement.) "My present invention," says the patentee, "consists in the arrangement of a basket, a shaking grate, and the means applied for supporting the parts within the fire pot of the stove; also, in the construction of the parts that enable me to use a coal basket cast integral, one that may be readily inserted or taken out through the stove door." But it will be observed that no one of the claims is so worded as to cover the arrangement of parts specified, and if invention exists, within the claims, it must be found either in the particular construction of parts described, or in such combinations of parts as are defined and claimed. There is a notable lack of clearness in the wording of the claims of the patent, but it is unnecessary to enter upon the disputes which have arisen concerning their meaning, because, upon any construction which has been suggested, they are wanting in invention.

If, as the appellants contend, they are all to be read as including the stove, there has been no infringement. Excluding the stove, the elements mentioned in the 1st, 2d, and 4th claims are only two —the sectional flaring ring and the legs which support it; all else in the wording of the claims serving only to show the manner of construction and use of those parts, the ring fitting, or being adapted to fit, within the fire pot, near the top, so closely as to prevent the passage of air between them, and the legs resting upon the flange of the fire pot, and provided with horizontal supports for receiving

and supporting the grate. But neither in the construction of the ring and legs nor in the combination of them is there a mechanical conception which is not found or suggested in stoves, grates, and furnaces, and, indeed, in tables, stands, chairs, stools, and other devices of long and familiar use. The reciprocating grate, itself old, is not embraced in the claims, and it required only common skill to provide notches in the legs to receive and support it. So, too, the coal basket, which is the subject of the third claim, and is described as cast integral, and having a flaring flange with a series of pintles projecting downward, has no feature of essential novelty either in construction or use. It has been urged as important that when in place in the stove the parts of the ring are held together by the pintles of the flange of the basket projecting through the holes of the ring. There is, however, no claim which covers the basket and ring so made and combined, and there would be no invention in it if there were. Considering the manner in which the ring is fitted into the fire pot, the necessity for providing special means for holding the parts together is not apparent, and, if there were such necessity, it was a matter of small intelligence and skill to meet it, either as it was done, by using pintles and holes, or other form of dovetailng between the flange and ring, or by some form of fastening between the pieces of the ring when in place, for which purpose the pintle and hole, links, clasps, hinges, or other devices might have been used.

It follows that the decree below should be set aside, and the bill dismissed for want of equity; and it is so ordered.