**Starlet Jean ALVES, by next friend, Gilbert Alves and Gilbert Alves, Individually, Appellees,**

v.

**Grady L. JONES and Donald Jones, Appellants.**

Court of Appeals of Tennessee, Western Section.

Oct. 19, 1978.

Certiorari Denied by Supreme Court Feb. 12, 1979.

---

David R. Farmer, Lewis L. Cobb, Jr., Jackson, for appellants.

George L. Morrison, David P. Murray, Jackson, for appellees.

NEARN, Judge.

Starlet Jean Alves, while attempting to cross the street to board a school bus, was struck and seriously injured by a 1972 pick-up truck being driven by Donald Jones and owned by his father Grady L. Jones. Gilbert Alves, the father of Starlet Jean Alves, as her next friend and in his individual right, filed suit against the Jones'. The case went to the jury which returned a verdict in favor of Starlet Jean Alves in the amount of $25,000 and in favor of her father in the amount of $5,000.

The defendants appeal with eight Assignments of Error.

The first and second Assignments of Error charge the Court with error in permitting Starlet's father, who did not witness the accident, to give his opinion as to the speed of the Jones' vehicle based upon skid marks he viewed at the accident and certain tests he performed.

Mr. Alves is a carpenter who has driven motor vehicles for 26 years and in the course of those years has driven automobiles as well as pickup and other types of trucks.

The record reveals he was asked and answered as follows:

"Now, Mr. Alves, then you are experienced in driving various types of vehicles and have done so over a period of years, is that correct?

"A. Yes, sir.

"Q53. Did you, at my request, make tests to determine the length of time it would take for a vehicle to stop doing 35 mph?

"MR. FARMER: Your Honor, he wouldn't be qualified as an expert to testify as to test that were made. At least they haven't laid the foundation at this point.

"THE COURT: I think it would have to be shown the weather conditions were the same, tires, the same type of vehicle. There would be a lot of factors there.

"MR. MORRISON: Well, I was going to get into that, Your Honor.

"THE COURT: Well, go ahead with that, then.

"Q54. Now, did you make a test?

"A. Yes, sir.

"Q55. Was it the same weather conditions as was existing on this day?

"A. It was a dry day; yes. Cool, dry.

"Q56. What type of vehicle did you make this test with?

"A. A '69 Chevrolet pickup.

"MR. FARMER: Your Honor, the only way it would be admissible is if he used the same vehicle as the defendant was operating.

"THE COURT: Well, it might can go to the jury merely for such consideration as they see fit to give it.

"MR. MORRISON: Your Honor, I have authority on it if the Court wants to see it.

"THE COURT: Go ahead.

"Q57. All right. Now, at 35 mph, what skid marks did you lay down?

"A. Forty-five feet.

"Q58. Now, Mr. Alves, based on your experience driving various types of vehicles over the years, when the test was made, what is your opinion of the speed of the pickup truck—

"MR. FARMER: We object to that, Your Honor.

[Objection was overruled.]

"Q59. Now, I will repeat the question, Mr. Alves. Based on your experience in driving these various vehicles and the test

you have made, and being familiar with the skid marks laid down by Donald Jones, what, in your opinion, was the speed that he was driving at the time of the accident?

"A. In my opinion, I'd say fifty miles an hour."

"THE COURT: Ladies and gentlemen, Mr. Alves did not see the accident and was not present. This merely goes to the weight of the testimony and you can consider it and give it such weight as you see fit under the circumstances. All right."

We recognize that the Trial Judge has broad powers of discretion in determining the qualifications of experts. *McCay v. Mitchell* (1970 W.S.) 62 Tenn.App. 424, 463 S.W.2d 710; *Monday v. Millsaps* (1953 E.S.) 37 Tenn.App. 371, 264 S.W.2d 6; *Cheek v. Fox* (1917) 7 C.C.A. 160. However, the power is not absolute. The only evidence we can find in this record to support a finding that Alves was an expert on skid marks and the estimate of speeds therefrom is the testimony that he has driven vehicles in excess of 25 years. If such be a proper criterion, every driver of a motor vehicle who has driven for over 25 years would qualify as an expert on such matters. We do not believe that such is the rule in this state. See *Monday v. Millsaps*, supra, at page 16 which sets forth the qualifications of an expert witness on skid marks. Counsel for appellant also attacks the caliber of the Alves test as not meeting recognized standards as to similar conditions, vehicle weight, tire pressure, etc. However, we do not reach that issue for we hold that Alves was not a qualified expert and should not have been allowed to testify at all on the subject. In *Thomas v. Harper* (1964 M.S.) 53 Tenn.App. 549, 385 S.W.2d 130, somewhat similar evidence was permitted to be introduced and was permitted by the Court on the basis that the Trial Court had correctly ruled that "the objection went to the weight of the testimony and not the competency of it . . ." The Trial Judge in this case evidently had the *Thomas* case in mind when he allowed Mr. Alves to testify. However, the distinction between the *Thomas* case and the instant case is that in *Thomas* the objected to testimony was that of a Lt. Elmer Craig, presumably of the highway patrol with some accident investigation experience and whose expertise was at least debatable. The Court of Appeals applied the rule that where the expertise of the witness is debatable the discretion of the Trial Court in declaring the witness qualified or not qualified will not be disturbed. Having done so, the testimony was admissible and, like any other testimony, was subject to cross-examination by counsel and a weighing by the jury. In this case we cannot say that it is debatable that Alves is an expert. He is not.

The first two Assignments of Error must be sustained as we cannot say with certainty that the error did not affect the verdict as defendant's speed was a material issue.

Therefore, the case must be reversed and remanded for a new trial. Since the claim of Mr. Alves is dependent upon the outcome of Starlet's claim, it too will have to be relitigated.

There is no necessity to reach the other Assignments of Error. We do however, comment that in those cases where the facts would warrant a charge on the doctrine of last clear chance, it ought to be charged as set forth in *Street v. Calvert* (1976 Tenn.) 541 S.W.2d 576.

Costs of Appeal are adjudged against appellee and costs below will await the outcome of the new trial.

Done at Jackson in the two hundred and third year of our Independence and in the one hundred and eighty-third year of our Statehood.

MATHERNE and EWELL, JJ., concur.