IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2001 Session

## EDDIE MCPEAK v. MUFFLERS, INC.

**Direct Appeal from the Circuit Court for Madison County**
**No. C-00-270     Roger A. Page, Judge**

---

**No. W2001-00471-COA-R3-CV - Filed November 7, 2001**

---

This appeal concerns the proper amount of damages due to the Plaintiff after the Defendant damaged the engine in the Plaintiff's 1970 Dodge Challenger. Three witnesses provided testimony on the proper amount of damages that should be awarded to the Plaintiff. The trial court utilized the testimony of the Defendant's expert witness in assessing damages. The Plaintiff appeals the trial court's judgment, asserting that the Defendant's witness relied on untrustworthy information in forming his expert opinion. For the reasons set forth below, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

David A. Riddick, Jackson, Tennessee, for the appellant, Eddie McPeak.

Garry R. Wilkinson and Russell C. Rutledge, Memphis, Tennessee, for the appellee, Mufflers, Inc.

**OPINION**

Eddie McPeak is the owner of a 1970 Dodge Charger. The vehicle, a classic "muscle" car, was powered by a 340-V8 engine. Mr. McPeak maintained the original engine in the vehicle and had the engine repaired on several occasions to keep it working properly. In December 1999, Mr. McPeak drove the car to Master Muffler in Jackson, Tennessee in order to get a new muffler installed. When Mr. McPeak returned to pick up the vehicle, it failed to operate. After inspecting the vehicle, Mr. McPeak determined that Master Muffler had damaged the engine.

Subsequently, Mr. McPeak sued Mufflers, Inc.[1] in the Circuit Court of Madison County. At trial, three witnesses gave testimony on the issue of damages.[2] The first witness, Mr. McPeak, testified that a replacement engine for a 1970 Dodge Challenger would cost $3,400. Mr. McPeak arrived at this value by contacting a company in California and requesting an estimate.

Mr. McPeak's other witness on damages was James Mickey Grant. Mr. Grant had "refreshened" the engine in the past and gave expert testimony regarding the replacement cost of the engine. Mr. Grant testified that he did not know where one could locate a 340 engine; therefore, he stated that a 360 engine would be the proper engine replacement in Mr. McPeak's Dodge Charger. Mr. Grant stated that the 360 engine costs "about $3,500." Mr. Grant arrived at this figure by consulting books that contained engines and their prices.

Mufflers, Inc. produced its own expert witness, Robert Hopper, to aid the court in assessing damages. Mr. Hopper testified that a rebuilt 340 V-8 engine would cost $1,091.68. To arrive at this figure, Mr. Hopper testified that he contacted three automobile parts stores. Two of the stores stated that they could supply Mr. Hopper with the engine. The second of the two, Motor Parts and Bearings, gave the estimate of $1,091.68 that Mr. Hopper quoted at trial.

The trial court held Mufflers, Inc. liable to Mr. McPeak for the damaged engine. The court awarded Mr. McPeak damages in the amount of $1877.76. The court based its award on the price of a rebuilt engine ($1091.68 as given by Mr. Hopper), the cost to install the engine ($600)[3], the supplies necessary to replace the engine ($35.00), and the applicable sales tax ($151.08).

Mr. McPeak appeals this award, raising the following issue for our review:

Did the trial court judge correctly assess plaintiff's damages?

To the extent this issue involves questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id*. With respect to the trial court's legal conclusions, our review is *de novo* with no presumption of correctness. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997).

Mr. McPeak takes exception to the trial court's valuation of the vehicle's engine. Mr. McPeak contends that the trial court erred by relying on Mr. Hopper's testimony as to the value of the engine, stating that Mr. Hopper's testimony failed to comply with Rule 703 of the Tennessee

---

[1]Mufflers, Inc. is Master Muffler's corporate name and is the named defendant in this action.

[2]The liability of Mufflers, Inc. is not at issue on appeal. The trial court held Mufflers, Inc.100% at fault in causing the damage to Mr. McPeak's engine, and the parties do not contest that decision.

[3]The cost to install the engine, the cost of the supplies, and the amount of sales tax are not contested on this appeal. The only value at issue is the $1091.68 that the court assigned to the engine.

Rules of Evidence. Mr. McPeak argues that the only credible evidence that illustrates the engine's value is his own testimony, or the testimony of Mr. Grant. Thus, Mr. McPeak argues, the trial court could not have valued the vehicle's engine below $3400.00.

In Tennessee, trial courts possess a great deal of discretion when admitting or excluding evidence; accordingly, appellate courts, absent a clear abuse of discretion, will not interfere with a trial court's evidentiary rulings. *Tire Shredders, Inc. v. ERM-North Central*, 15 S.W.3d 849, 958 (Tenn. Ct. App. 1999). Further, trial judges have wide discretion regarding the qualifications of expert witnesses. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 443 (Tenn. 1992). In *Otis*, our Supreme Court stated that one who gives expert testimony must be "particularly skilled, learned, or experienced in a science, art, trade, business, profession or vocation. The expert must possess a thorough knowledge upon which he testifies that is not within the general knowledge and experience of the average person." *Id.* (citing *Kinley v. Tennessee State Mut. Ins. Co.*, 620 S.W.2d 79, 81 (Tenn. 1981)). Additionally, Rule 702 of the Tennessee Rules of evidence governs the testimony of experts. Rule 702 states that "[i]f scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." Tenn. R. Evid. 702. The bases of an expert's opinion testimony are governed by Rule 703 of the Tennessee Rules of Evidence. Rule 703 states as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.

Tenn. R. Evid. 703.

Over Mr. McPeak's objection, the trial court accepted Mr. Hopper as an expert in the field of automobile mechanics. Though it is not clear from his brief, Mr. McPeak appears to challenge this evidentiary ruling. From our review of the record, we find no fault in the trial court's decision to accept Mr. Hopper as an expert. At the time of trial, Mr. Hopper worked as an automobile, truck, and heavy equipment specialist at GAB Robbins, an independent insurance adjustment agency and investigation service. Mr. Hopper investigated and inspected automobile engines on a daily basis. Further, Mr. Hopper's duties with GAB Robbins included the estimation of automobile repairs, which he performed on a frequent basis. Finally, Mr. Hopper had previous experience as an automobile mechanic, and he owned an automobile shop and dealership in the past. In light of these qualifications, the trial court did not err in accepting Mr. Hopper as an expert.

Mr. McPeak's central argument is that Mr. Hopper's testimony regarding the cost to replace the engine was "too speculative, untrustworthy, and was not based upon any credible evidence." Mr. McPeak asserts that the underlying facts and data used by Mr. Hopper in his testimony were

untrustworthy, and therefore, in violation of Rule 703 of the Tennessee Rules of Evidence.[4] We cannot agree with Mr. McPeak's position.

Mr. Hopper concluded that a replacement engine would cost $1091.68. On cross examination, Mr. Hopper stated that Danny Milam at Motor Parts and Bearings quoted the price of the engine. Further, Mr. Hopper stated that he obtained this information in the same way he normally does, by calling a business and making sure the company can supply the engine for the quoted price. Mr. McPeak failed to elicit testimony from Mr. Hopper indicating that the data or facts that Mr. Hopper relied upon were untrustworthy. Additionally, Mr. McPeak failed to demonstrate to the trial court that the quote was unreliable or that other experts in the field would conduct their examinations differently. The only objection that Mr. McPeak made to the testimony was a hearsay objection. Mr. McPeak did not question the testimony in any other way. Based on the record before us, we cannot determine that Mr. Hopper's testimony was untrustworthy. Therefore, we conclude that the trial court did not abuse its discretion by admitting the testimony of Mr. Hopper.

As a general rule, the proper measure of damages for the loss or destruction of personal property is the market value of the property at the time of its loss or destruction. ***Reid v. State***, 9 S.W.3d 788, 794 (Tenn. Ct. App. 1999). In its discretion, the trial court properly concluded that the cost to replace the engine would be $1091.68. Mr. Hopper testified that this was the cost of a rebuilt 340 engine. Evidence at trial illustrated that Mr. McPeak's engine had been rebuilt, repaired and "refreshened" in the past. Therefore, we conclude that the trial court did not err in its damage award to Mr. McPeak.

Accordingly, we affirm the decision of the trial court. The costs of this appeal are taxed to the appellant, Mr. McPeak, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[4]At trial, Mr. McPeak objected to Mr. Hopper's testimony regarding the replacement cost of the engine, maintaining the testimony was based on hearsay. The court overruled the objection, stating that Mr. Hopper was an expert, and therefore, could rely on hearsay testimony.